

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-19-00089-CR
No. 07-19-00090-CR
_____

SIMON RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court Nos. 29,619-A & 29,620-A; Honorable David Gleason, Presiding

March 21, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Simon Rodriguez, was convicted of two counts of murder[1] and sentenced to concurrent terms of ninety-nine years confinement. Appellant has filed a notice of appeal, pro se, challenging his convictions.[2] We dismiss the purported appeals for want of jurisdiction.

---

[1] TEX. PENAL CODE ANN. § 19.02 (West 2011).

[2] Appellant previously appealed his conviction in cause number 29,619-A, which this court affirmed the judgment in Rodriguez v. State, 871 S.W.2d 312 (Tex. App.—Amarillo 1994, no writ).

Appellant was sentenced in trial court cause number 29,620-A on October 24, 1991, and in cause number 29,619-A on April 23, 1992. Because no motion for new trial was filed in either cause, his notice of appeal was due within thirty days after the sentences were imposed, i.e., by November 25, 1991, in cause 29,620-A and by May 25, 1992, in cause 29,619-A. *See* TEX. R. APP. P. 26.2(a) (a notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if a motion for new trial is timely filed); 4.1(a). Appellant filed this notice of appeal on March 6, 2019.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for want of jurisdiction. *Id.* Further, this court has no authority to invoke appellate rule 2 to enlarge the time in which to file a notice of appeal. TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant's untimely filed notice of appeal prevents this court from acquiring jurisdiction over his appeals. Consequently, the appeals are dismissed for want of jurisdiction.[3]

Per Curiam

Do not publish.

---

[3] Appellant may be entitled to relief in cause number 29,620-A by filing an application for writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).